# UNITED STATES DISTRICT COURT
### for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Thomas Harris *and* <br> Bonnie Harris <br>     *Plaintiffs* <br><br> v. <br><br> Midland Funding, LLC <br>     *Defendant* <br> Serve: <br>     Corporation Service Company <br>     421 W. Main Street <br>     Frankfort, KY 40601 <br><br> Fenton Law Firm, P.S.C. <br> *Assumed name for* <br> F&M Law Firm, P.S.C. <br> Serve: <br>     Thomas C. Fenton <br>     401 S. Fourth Street, Suite 1200 <br>     Louisville, KY 40202 | Case No.   3:17-cv-616-TBR |

\*    \*    \*    \*    \*

## INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and for violations of KRS 382.365.

## JURISDICTION

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiffs Thomas Harris and Bonnie Harris request the Court to take supplemental jurisdiction over their related state statutory claim under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Thomas Harris is a natural person who resides in Jefferson County, Ky. Mr. Harris is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Plaintiff Bonnie Harris is a natural person who resides in Jefferson County, Ky. Ms. Harris is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6. Defendant Fenton Law Firm, P.S.C., assumed name for F&M Law Firm, P.S.C. ("Fenton") is a Kentucky professional services corporation and is engaged in the business of collecting debts on behalf of other legal entities, including FRIC, Unifund CCR, LLC, and Unifund CCR Partners. Fenton's principal place of business is located at 2401 Stanley Gault Parkway, Louisville, KY 40223.

7. Fenton is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

8. On July 12, 2010, Defendant Midland Funding, LLC ("Midland"), by and through the law firm of Morgan & Pottinger, P.S.C. as its counsel, filed a lawsuit against Plaintiff Thomas Harris in the Jefferson Circuit Court of Jefferson County, Kentucky under case number 10-CI-004803 in an attempt to collect a debt (the "Thomas Harris Lawsuit").

9. On October 26, 2010, Midland, by and through the law firm of Morgan & Pottinger, P.S.C. as its counsel, filed a lawsuit against Plaintiff Bonnie Harris in the Jefferson Circuit Court of Jefferson County, Kentucky under case number 10-CI-007012 in an attempt to collect a debt (the "Bonnie Harris Lawsuit").

10. The debts at the basis of the Thomas Harris Lawsuit and the Bonnie Harris Lawsuit were accrued from personal credit cards used only for personal, family, and household purposes, which makes each of the debts at the basis of the Thomas Harris Lawsuit and the Bonnie Harris Lawsuit a "debt" within the meaning of the FDCPA.

11. Midland and Thomas Harris entered into an agreed judgment in the Thomas Harris Lawsuit, which the Jefferson Circuit Court entered on September 23, 2010 (the "Thomas Harris Judgment").

12. Midland and Bonnie Harris entered into an agreed judgment in the Bonnie Harris Lawsuit, which the Jefferson Circuit Court entered on August 4, 2011 (the "Bonnie Harris Judgment").

13. On November 15, 2010, Midland recorded a notice of judgment lien with the Jefferson County Clerk pursuant to the Thomas Harris Judgment (the "Thomas Harris Lien").

14. On August 31, 2011, Midland recorded a notice of judgment lien with the Jefferson County Clerk pursuant to the Bonnie Harris Judgment (the "Bonnie Harris Lien").

15. On September 2, 2014, Defendant Fenton Law Firm, P.S.C., formerly known as Fenton & McGarvey Law Firm, P.S.C. ("Fenton"), filed notices of substitution of counsel in the Thomas Harris Lawsuit and the Bonnie Harris Lawsuit, substituting as counsel for Morgan & Pottinger, P.S.C.

16. On January 2, 2017, Mr. and Ms. Harris refinanced a mortgage on their home in an attempt to pay off debts and improve their credit and credit scores.

17. Out of the proceeds of the mortgage refinance, Mr. and Ms. Harris paid and satisfied the Thomas Harris Judgment and the Bonnie Harris Judgment, paying the settlements to Midland via its counsel Fenton.

18. After the judgments against both Thomas Harris and Bonnie Harris were paid in full, Midland and Fenton failed to file a notice of satisfaction with the Jefferson Circuit Court for both the Thomas Harris Lawsuit and the Bonnie Harris Lawsuit.

19. On February 8, 2017, Fenton, on behalf of Midland, instead of filing lien releases for the judgment liens recorded by Fenton on behalf of Midland against both Thomas Harris and Bonnie Harris as required by KRS 382.365, mailed executed releases of the Thomas Harris Lien and the Bonnie Harris Lien directly to Mr. and Ms. Harris pursuant to their settlement of the Thomas Harris Judgment and the Bonnie Harris Judgment. A copy of the executed releases and accompanying correspondence is attached hereto as Exhibit "A."

20. Correspondence from Fenton which accompanied the lien releases advised Mr. and Ms. Harris: "You may either mail this release or deliver in person, with the appropriate filing fee, to" the Jefferson County Clerk.

21. Fenton's correspondence and executed lien releases were not accompanied by a

check from Midland or Fenton for the clerk's recording fee. The correspondence implies that Midland and Fenton expected Mr. and Ms. Harris to bear the costs of the recording fees to record the lien releases themselves.

22. Pursuant to KRS 382.365 Midland had an affirmative duty to release the judgment lien:

> A holder of a lien on real property, including a lien provided for in KRS 376.010, shall release the lien in the county clerk's office where the lien is recorded within thirty (30) days from the date of satisfaction.

KRS 382.365.

23. Midland had no legal right to abrogate its duty to release the liens it filed against Thomas Harris and Bonnie Harris and thereby burden the Thomas Harris and Bonnie Harris with its statutory duty to file and pay for the releases of the liens it had filed in the county clerk's office against the Harrises.

24. On March 22, 2017, Mr. and Ms. Harris mailed letters to Midland via Certified Mail to its principal address pursuant to the requirements of KRS 382.365(4)(a) requesting releases of the Thomas Harris Lien and the Bonnie Harris Lien pursuant to their payment and settlement (the "Release Letters").

25. Midland received the Release Letters on March 27, 2017. Copies of the Certified Mail return receipts from the Release Letters, and U.S. Postal Service tracking information for each mailing, are attached hereto as Exhibit "B."[1]

26. As of the date of this Complaint, Midland has not released the judgment Liens it filed against Thomas Harris and Bonnie Harris, in violation of KRS 382.365.

27. Midland and Fenton's failure to file notices of satisfaction of the Thomas Harris Judgment and the Bonnie Harris Judgment, and their failure to file Lien releases of the Thomas Harris Lien and the Bonnie Harris Lien, have negatively impacted Mr. and Ms. Harris's credit and credit scores, causing them to be denied credit or to pay more for credit.

28. By their conduct Midland and Fenton violated the FDCPA by **(i)** attempting to collect amounts from Mr. and Ms. Harris to which they were not entitled by forcing them to pay lien recording fees which were properly the burden of Midland and Fenton; **(ii)** failing to file notices of satisfaction to notify the Jefferson Circuit Court and the public that Mr. and Ms. Harris

---

[1] For reasons unknown to Plaintiffs, the Certified Mail return receipts bear a stamp to the effect that they were received by Midland on March 13, 2017, which is prior to the date on which the Release Letters were mailed. Tracking information for the U.S. Postal Service reflects delivery on March 27, 2017, two weeks later.

had paid and satisfied the Thomas Harris Judgment and the Bonnie Harris Judgment; and **(iii)** allowing the Thomas Harris Lien and the Bonnie Harris Lien to remain in place after Mr. and Ms. Harris paid the settlements in full. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) (holding that "[m]aintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair").

29. By its conduct Midland violated KRS 382.365 by failing to release the Thomas Harris Lien and the Bonnie Harris Lien within fifteen (15) days of receiving notice from Mr. and Ms. Harris that the paid and satisfied liens remained unreleased.

## Claims for Relief

I. **Claims against Midland Funding, LLC and Fenton & McGarvey Law Firm, P.S.C.**

    A. **Violations of the FDCPA**

30. The foregoing acts and omissions of Midland Funding, LLC ("Midland") and Fenton Law Firm, P.S.C., assumed name for F&M Law Firm, P.S.C ("Fenton"), constitute violations of the FDCPA. Midland's and Fenton's violations include, but are not limited to, the following:

    a. Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Thomas Harris Judgment and the Bonnie Harris Judgment;

    b. Violation of 15 U.S.C. § 1692e(2)(A) by failing to file notices of satisfaction of the Thomas Harris Judgment and the Bonnie Harris Judgment, and by failing to release the Thomas Harris Lien and the Bonnie Harris Lien, thus falsely representing the legal status of a debt;

    c. Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by Midland or Fenton in the collection of a debt;

    d. Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and expenses from Mr. and Ms. Harris by placing the burden of paying recording fees for the Thomas Harris Lien and the Bonnie Harris Lien on Mr. and Ms. Harris, thus taking an action which cannot legally be taken;

    e. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt;

    **f.**  Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

    **g.**  Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect lien recording fees from Mr. and Ms. Harris which were neither authorized by the agreement creating the debts at the basis of the Thomas Harris Lawsuit or the Bonnie Harris Lawsuit nor permitted by law.

**B.**    **Violation of KRS 382.365**

31.    Midland Funding, LLC ("Midland") accepted settlement payments on the Thomas Harris Judgment and the Bonnie Harris Judgment on or about January 2, 2017.

32.    Midland received written notice pursuant to KRS 382.365(4)(a) of its failure to release the Thomas Harris Lien and the Bonnie Harris Lien on March 27, 2017.

33.    Midland did not release the Thomas Harris Lien or the Bonnie Harris Lien within fifteen (15) days of receiving written notice of its failure to release pursuant to KRS 382.365(4).

34.    Midland did not release the Thomas Harris Lien or the Bonnie Harris Lien within forty-five (45) days of receiving written notice of its failure to release pursuant to KRS 382.365(5).

35.    Midland is liable to Mr. and Ms. Harris for statutory damages pursuant to KRS 382.365(4) of $100.00 per lien for each day between April 13, 2017 (the fifteenth day after it received written notice of its failure to release each lien) and May 12, 2017 (the forty-fifth day after it received written notice of its failure to release each lien), for a total of $6,000.00 in such damages.

36.    Midland is additionally liable to Mr. and Ms. Harris for statutory damages pursuant to KRS 382.365(5) of $500.00 per lien for each day subsequent to May 12, 2017 on which it fails to release the Thomas Harris Lien and the Bonnie Harris Lien.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas Harris and Bonnie Harris request that the Court grant them the following relief:

1.    Award Plaintiffs actual damages against each Defendant;

2.    Award Plaintiffs maximum statutory damages against each Defendant pursuant to the FDCPA;

    3.    Award Plaintiffs statutory damages against Midland pursuant to KRS 382.365(4) of $6,000.00 for their failure to release the Thomas Harris Lien and the Bonnie Harris Lien within forty-five (45) days of receiving written notice of their failure to release the liens;

    4.    Award Plaintiffs statutory damages against Midland pursuant to KRS 382.365(5) of $1,000.00 per day for each day subsequent to May 12, 2017 on which Midland fails to release the Thomas Harris Lien and the Bonnie Harris Lien;

    5.    Award Plaintiffs reasonable attorney's fees and costs pursuant to the FDCPA;

    6.    A trial by jury; and

    7.    Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (505) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com